IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRANKIE WAYNE POPE, | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-329-MTT-AGH |
| DOCTOR CHRIS, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Plaintiff Frankie Wayne Pope, an individual presently housed in the Central State Hospital in Milledgeville, Georgia, filed a *pro se* pleading that has been docketed as an emergency motion for an injunction (ECF No. 1). For the following reasons, it is **RECOMMENDED** that Plaintiff's motion be **DENIED**. Plaintiff must also pay the filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis* and file a complaint on the Court's standard form if he wishes to proceed with his claims.

## DISCUSSION

### I.  Motion for Emergency Injunction

Plaintiff filed a motion seeking an "emergency preliminary injunctive order" requesting that the Court order Defendants—two physicians at Central State Hospital—to stop giving Plaintiff psychotropic drugs against his will. Mot. Prelim. Inj. 1, ECF No. 1. A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant the substantive relief sought in the

complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) ("maintenance of the status quo is the primary purpose of preliminary injunctive relief"); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982) (a preliminary injunction "merely preserv[es] the status quo rather than granting most or all of the substantive relief requested in the complaint."). Factors a movant must show to be entitled to preliminary injunctive relief include: (1) a substantial likelihood of ultimate success on the merits; (2) the injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction would serve the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Plaintiff does not clearly address these factors in his motion. As best as the Court can tell, Plaintiff was involved in at least two altercations with another resident of Central State Hospital, resulting in injuries which included broken ribs. Mot. Prelim. Inj. 3-4.[1] After Plaintiff was attacked, one of the facility's doctors, Defendant Chris, diagnosed Plaintiff as schizophrenic and delusional. *Id.* at 4. Plaintiff appears to contend that Defendant Chris reached this diagnosis because of Plaintiff's account of these altercations. *See id.* at 1, 4. Plaintiff further contends he was "doc diagnosed with trichotillomania." *Id.* at 4. According to Plaintiff, Defendants began involuntarily medicating Plaintiff because of these diagnoses,

---

[1] Plaintiff also contends he was not given adequate treatment for his injuries and that this individual poses a threat to his safety. Mot. Prelim. Inj. 3-4. Plaintiff, however, does not appear to seek any injunctive relief regarding his medical treatment or any potential threat posed by this individual. *See id.* at 5.

2

although it is unclear when they began this medication regimen. *Id.* at 4-5. In his motion, Plaintiff requests that Central State "retract [the] diagnosis[,]" order a second opinion, and cease the use of involuntary medications. *Id.* at 5.

Plaintiff's allegations could possibly give rise to constitutional claims. The United States Supreme Court has held that individuals "possess[] a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). But the state may "treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest[,]" so long as certain procedural protections are met. *Id.* at 227-28. In *Washington*, for example, the Supreme Court upheld a state policy that required the decision to involuntarily medicate a prisoner to be made by a committee made up of a psychiatrist, a psychologist, and the associate superintendent of the facility. *Id.* at 229. The decision was subject to review by the superintendent, and the inmate further had the right to seek judicial review of the decision in a state court. *Id.* The Court concluded that such procedural safeguards were adequate to ensure that the prisoner's interests were considered and otherwise met the requirements of due process. *See id.* at 235.

In this case, Plaintiff's allegations concerning his involuntary medication are too vague and conclusory to permit the Court to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Plaintiff provided

3

almost no detail about the frequency, duration, or circumstances of the involuntary administration of medication or explained whether he was afforded the type of procedural protections guaranteed by *Washington*. Furthermore, these Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. *See generally* Fed. R. Civ. P. 65. Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Plaintiff's motion for an emergency injunction should therefore be denied.

## II. Order to File Complaint and Submit Filing Fee or Motion for Leave to Proceed *in Forma Pauperis*

In addition, although Plaintiff filed a case in this Court, he did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. The nature of Plaintiff's confinement to Central State Hospital is not clear from his pleadings. If Plaintiff has been "incarcerated or detained" at Central State Hospital because he has been "accused of, convicted of, sentenced for, or adjudicated delinquent for[] violations of criminal law or the terms and conditions of parole, probation, pretrial, release, or diversionary program[,]" then he is a "prisoner" within the meaning of 28 U.S.C. § 1915(h). A "prisoner" proceeding *in forma pauperis* must pay the Court's entire filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for

4

the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). When a prisoner moves for leave to proceed *in forma pauperis*, he is therefore required to submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(1)-(2).

Because Plaintiff has not submitted such a motion, the Court does not have sufficient information to determine whether Plaintiff is entitled to proceed *in forma pauperis*. And, if Plaintiff is a prisoner within the meaning of § 1915, then the Court also needs a certified copy of his trust fund account information (or similar certified documentation from Central State Hospital), to calculate the average monthly deposits or the average monthly balance in Plaintiff's trust account as required by 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff is **DIRECTED** to either (1) pay the full filing fee, or (2) submit a motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement if applicable. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of the above-captioned action.

If Plaintiff does not believe he is a "prisoner" in accordance with the definition set forth above, he should explain why he is not. In doing so, Plaintiff should clearly explain why he is housed at Central State Prison and state whether his presence at that facility is the result of any court order or related to any criminal charges against him.

Plaintiff is also **ORDERED** to file a complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date shown on this Order. This complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents to his complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case. **The complaint will supersede (take the place of) Plaintiff's motion for preliminary injunction (ECF No. 1). Plaintiff may include additional pages with the Court's standard form, but his complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation includes (and is not in addition to) the pre-printed pages of the Court's standard form. **The Court will not consider any allegations in any other document, or any**

**allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

### III.  Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 1) be **DENIED.** Plaintiff shall also have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $405.00 filing fee or file a proper motion to proceed without the prepayment of the filing fee, to include a certified copy of his prison trust account information if applicable, and (2) to file his complaint with the Clerk of Court as described above. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court of any change of address. There shall be no service of process in this case until further order of the Court.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20)**

**PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 5th day of December, 2024.

                                     s/ *Amelia G. Helmick*
                                 UNITED STATES MAGISTRATE JUDGE